IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**MICHAEL CEHOUSKY,**

      **Petitioner,**

v.                                           Case No. 5:07-cv-00433

**T. R. CRAIG, Warden,**
**FCI Beckley,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

    This is an action for habeas corpus relief, filed pursuant to the provisions of 28 U.S.C. § 2241. Pro se Petitioner, Michael Cehousky, was incarcerated at FCI Beckley at the time he filed the petition. According to the Bureau of Prisons, Petitioner has since been released from custody, as will be further addressed below. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).

    Petitioner filed a Petition for Writ of Habeas Corpus, and supporting exhibits, on July 11, 2007. (Docket sheet document # 2). On July 25, 2007, the undersigned issued an Order to Show Cause (# 5) requiring the filing of a Response.

    On August 14, 2007, Respondent filed a Response to the Order to Show Cause, with supporting exhibits. (# 10). On August 15,

2007, Respondent filed a Supplement to the Response, attaching a motion to dismiss Petitioner's New Hampshire warrant. (# 11).

Petitioner filed a Traverse to the Return on September 6, 2007. (# 12). On October 2, 2007, Petitioner filed a Motion for an Emergency Hearing to Show Cause, with attachments (# 13), which remains pending before the court. This matter is ripe for determination.

## FACTS AND PROCEDURAL HISTORY

According to the section 2241 petition and Respondent's Response, Petitioner was convicted of bank robbery in the United States District Court for the Central District of California. On December 18, 2006, Petitioner was sentenced to serve a term of imprisonment of 21 months. At the time he filed the instant petition, he was incarcerated at the Federal Correctional Institution at Beckley, in Beaver, West Virginia.

In the section 2241 petition, Petitioner raises two grounds for relief. In Ground One, Petitioner contends that the Bureau of Prisons ("BOP") relied upon invalid regulations and policies to deny him placement in a Residential Reentry Center ("RRC"), formerly known as a Community Correctional Center ("CCC"), and commonly known as a "halfway house." (# 2 at 7). In Ground Two, Petitioner contends that Respondent is unlawfully relying upon an open New Hampshire bench warrant from 1986 to deny Petitioner placement in an RRC. (Id.) Petitioner has attached to his

petition a copy of a Detainer Action Letter, which states: "Inmate's records indicate he has a bench warrant for Criminal Threatening, offense occurring on 5/13/1986. Per conversation with your Newport Police Department Records Office, the bench warrant is still pending." The Detainer Action Letter also indicated that Petitioner's projected release date at that time was February 18, 2008. (# 2, Attachment).

Petitioner challenges the BOP's reliance on this 1986 New Hampshire charge to deny him placement in an RRC. Petitioner claims that this charge is "untriable and fully expired." (# 2 at 7). Petitioner further challenges the BOP's regulation limiting the time an inmate may spend in an RRC to the last ten percent of the prison sentence, not to exceed six months. See 28 C.F.R. § 570.21(a). Petitioner contends that some courts have found this regulation to be invalid, citing to Evans v. Willingham, 413 F. Supp.2d 155 (D. Conn. 2006) and Knish v. Stine, 347 F. Supp.2d 682 (D. Minn. 2004). Petitioner seeks to be reconsidered for RRC placement based upon the BOP's policy that was in place prior to 2002, when this regulation was implemented. (Id.)

Concerning Petitioner's outstanding warrant, Respondent's Response stated that "the [BOP] initially considered Petitioner's unresolved pending state charge in denying him RRC placement, pursuant to BOP policy. This argument is now moot, however, since the BOP has been notified that New Hampshire intends to vacate the

3

pending charges against Petitioner. Accordingly, Petitioner's only remaining argument is his challenge to the BOP regulation." (# 10 at 2-3). The Response further indicated that, without the detainer for the pending charge, Petitioner was eligible for placement in an RRC and was expected to be released to an RRC for the last ten percent of his sentence, on or about December 26, 2007. (Id. at 3).

According to BOP records, Petitioner was released from FCI Beckley to an RRC in Long Beach, California, on December 24, 2007, and, on March 11, 2008, was released from custody to supervised release.

## **ANALYSIS**

Section 2241 of Title 28 of the United States Code provides in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless -
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof;
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c). The writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged

to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973).

Furthermore, Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The "litigant must have suffered, or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some "collateral consequence" of the conviction-must exist if the suit is to be maintained.

Spencer v. Kemna 523 U.S. 1, 7 (1998)(jurisdiction did not exist after the petitioner was released from prison and his term of imprisonment expired).

In the instant case, because Petitioner has been released from custody and there are no apparent collateral consequences related to the claims raised in his section 2241 petition, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's claims are now rendered moot.

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's section 2241 petition (#

5

2), **DENY** Petitioner's Motion for an Emergency Hearing to Show Cause (# 13), and dismiss this civil action from the docket of the court.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation," to **mail a copy of the same to Petitioner at 312 North Spring Street, Los Angeles, CA 90012**, which is the address Petitioner provided upon his release from FCI Beckley, and to transmit a copy to counsel of record.

    March 24, 2008
          Date

Mary E. Stanley
United States Magistrate Judge